NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM C. SWENEY, SR., ADMINISTRATOR OF THE ESTATE OF WILLIAM C. SWENEY, JR., PETITIONER, v. WILLIAM C. SWENEY, SR., AND NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, RESPONDENTS.

MARY T. SWENEY, INDIVIDUALLY AND AS GUARDIAN OF JEAN SWENEY AND WILLIAM C. SWENEY, THIRD MINORS, PETITIONER, v. WILLIAM C. SWENEY, SR., RESPONDENT.

**Injury to Head and Body Through the Overturning of a Truck— Hospital Treatment and Subsequent Return to Work—Later Manifestations of Mental Derangement — Still Later an Operation for Appendicitis—Death from Operation—No Connection Shown Between the Accident and the Appendicitis, Neither Did the Mental Derangement Appear to be the Result of the Accident—Petition Dismissed.**

On petition for compensation.

For the petitioner, *King & Vogt.*

For the respondent, *Charles W. Weeks.*

\*      \*      \*      \*      \*      \*      \*

The petitions filed in this case seek to recover compensation for the death of William C. Sweney, Jr., who died on December 19th, 1925. On March 20th, 1924, he was employed by the respondent, his father, on his farm, in Morris county, and on that day met with an accident, while engaged in his father's business, in which he was injured by the overturning of the truck which he was then driving. His jaw was broken and he was bruised about the head and body, and immediately following the accident was taken to the Morris-

town Memorial Hospital and there treated for the injuries which he had sustained. His condition improved so that he was discharged from the hospital within a week, and thereafter was permitted to do some work about the farm. The injuries to his head are claimed to have caused his subsequent mental derangement, but it is unnecessary to pass upon this question because there is no suggestion in the record that the injuries to his head or the subsequent mental derangement had anything at all to do with his death. Suffice it to say that in November of 1925 he was committed to the State Hospital for the Insane.

While in that institution, the physicians concluded that the deceased was suffering from a chronic condition of appendicitis and after a consultation with Dr. Mills, decided to operate upon him to remove the appendix. This operation was performed on December 17th, 1925, and when the patient was opened, it was found that in addition to the condition of appendicitis there existed a chronic condition of cholecystitis of the gall bladder and a scar upon the liver. The patient died before regaining consciousness on December 19th, 1925.

At the hearing I felt from the testimony of the physicians, and particularly the manner in which they gave it, that the petitioner had failed to prove any causal connection between the happening of the accident, which occurred almost two years prior to the death of the deceased, and the conditions which they found at the time of the operation, but I decided to hold the matter for a time so that I might study the testimony. After a careful consideration of all of the evidence I am of the opinion that my conclusion reached at the time of the hearing was correct, and that there is no possible connection between the accident and the death which resulted from the operation. I am entirely satisfied that the cause of death in this case was the shock resulting from the operation, as all of the doctors agree that shock from an operation of this kind may cause the death of persons otherwise in good health and even where the best of surgical treatment is used in the operation. It also appears from the testimony that the

deceased did not require any medical treatment to his abdomen from the date of the accident down to a time shortly before the operation was performed, and the doctors were unable to say when the chronic conditions which they discovered had started, nor did they fix the cause for these chronic conditions, and further, there is no testimony whatever that the scar on the liver had anything whatever to do with the death of this young man.

The burden of proof is of course on the petitioner to show a causal connection between the accident of March, 1924, and the death occurring in December, 1925. *Bryant* v. *Fissell*, 84 *N. J. L.* 72; *Krapowitch* v. *Public Service Railway Co.*, 3 *N. J. Mis. R.* 933; *Kitka* v. *Standard Underground Cable Co.*, *Id.* 951.

\*   \*   \*   \*   \*   \*   \*

<div align="right">

HARRY J. GOAS,
*Deputy Commissioner.*